```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                                    Plaintiff,                    :    ORDER ADOPTING REPORT
                                                                  :    AND RECOMMENDATION
            - against -                                           :
                                                                  :    21-cr-571 (BMC)
PERCELL ROSS,                                                     :
                                                                  :
                                    Defendant.                    :
                                                                  :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

This matter is before me on the Report and Recommendation of Magistrate Judge Bloom dated July 31, 2023, which recommends that I deny defendant Percell Ross's motion to suppress because a) the arresting officers had reasonable suspicion to conduct a stop and, soon thereafter, had probable cause to arrest the defendant; and b) the subsequent interrogation was voluntary and did not run afoul of the Fifth Amendment. Judge Bloom conducted a careful review of the parties' written submissions, conducted an evidentiary hearing, employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. After considering the record before me, I agree with the Report and Recommendation and adopt it in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1)(C), I can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Because defendant objected to Judge Bloom's Report and Recommendation. the standard of review applicable to this decision is *de novo*, id.; see U.S. v. Romano, 794 F.3d 317, 340 (2d Cir. 2015).

Defendant's objections largely track the arguments he raised in litigating the motion to suppress before Judge Bloom.  First, he claims that the arresting officers lacked the requisite cause to stop and arrest him.  Second, he claims that his subsequent interrogation violated his Fifth Amendment rights.  Both arguments fail.

The arresting officers were justified in stopping and arresting Mr. Ross.  Mr. Ross was a suspect in a homicide committed three days before this arrest.  One of the arresting officers (Officer Velasco) knew this because he was directly involved in investigating that homicide.  Additionally, Officer Velasco knew that there were outstanding warrants for Mr. Ross's arrest in Connecticut and Virginia, as Officer Velasco's supervisor had told him so.  Mr. Ross does not dispute that the National Crime Information Center reflects warrants for his arrest.  Thus, at the time he stopped Mr. Ross, Officer Velasco knew that defendant was a suspect in a homicide that had occurred three days prior; that the suspect was seen getting in and out of a car registered to him before and after the homicide; that Mr. Ross was observed driving and exiting that car in Brooklyn on the day of his arrest; and that there were at least two outstanding warrants for Mr. Ross's arrest.  Under the totality of the circumstances, I find that the officers had reasonable suspicion to stop Mr. Ross when they first approached him.  They likely had probable cause to arrest him at that point, although I need not and do not decide that here, as they most certainly had probable cause to arrest Mr. Ross when he shot at them during the stop.  I therefore will not suppress the firearm that the officers uncovered through their justified stop and arrest.

With respect to Mr. Ross's interrogation, I agree with Judge Bloom that his <u>Miranda</u> waiver and subsequent statements were voluntary, and that he failed to unambiguously invoke his Fifth Amendment right to remain silent until the end of the interview.  Although Mr. Ross expressed some reservations about continuing the interrogation, the statements he points to as

alleged invocations of his right to conclude the interview were hedged, equivocal, or ambiguous, in large part because he continued talking to the officers immediately after making those statements. Because I find that his statements were voluntary and the interrogation did not violate his constitutional rights, I will not suppress Mr. Ross's statements made during the interrogation following his lawful arrest.

For these and the additional reasons set forth in Judge Bloom's Report and Recommendation, defendant's objections [42] to the Report and Recommendation are overruled and the Report and Recommendation [40] is adopted as the Order of this Court. The motion to suppress [10] is denied.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       September 21, 2023